[No. 21655. Department Two. April 5, 1929.]

THEODORE DAHMEN et al., Appellants, v. MISSIONARY SISTERS OF THE SACRED HEART, Respondent.[1]

Otis W. Brinker and Harry J. Kuen (C. G. Moran, of counsel), for appellants.

Battle, Hulbert & Helsell and J. L. Corrigan, for respondents.

MAIN, J.—This is a will contest. After the last two wills of Peter Dahmen, deceased, had been admitted to probate, his brothers and sisters petitioned that the order of probate be set aside and the wills be held for naught, on the ground of undue influence and lack of mental capacity. The trial was to the court, without a jury, and resulted in findings of fact and conclusions of law sustaining both wills. From the judgment entered dismissing the petition of the brothers and sisters, they appeal.

[1]Reported in 276 Pac. 86.

The facts, as found by the trial court and which are sustained by the evidence, may be summarized as follows: Peter Dahmen, for many years, lived in Rainier valley, King county, and there accumulated an estate of the value of $10,000 or $12,000. June 28, 1920, he made a will in which he directed that his two brothers and his two sisters, the contestants herein, be given the sum of one dollar each. It was further provided that, after the payment of the costs of administration and one dollar each to his brothers and sisters, and his funeral expenses, all the residue of the estate should go to the Missionary Sisters of the Sacred Heart of Seattle, "to be used by them in and for the caring and rearing of the orphans in their custody."

During the late spring, or early summer, of 1927, Peter Dahmen closed out his business, and went to live with his brother, who resided in the city of Everett. For about a year prior to this time, he had been afflicted with cancer of the stomach. In June, 1927, he made a new will in which he left all of his property to his brother with whom he was then residing. December 12, 1927, he destroyed this will, and caused his prior will, which had not been destroyed, to be sent to the Missionary Sisters of the Sacred Heart at Seattle, declaring at the time that it was his intention that the will to his brother should be revoked, and that the will to the Missionary Sisters be reinstated.

December 29, 1927, he caused a letter to be written to the Missionary Sisters, requesting them to come to see him. Two of the sisters, in response to this request, went to Everett. On this occasion, Peter Dahmen expressed the desire to be moved to the Columbus Hospital in Seattle. January 3, 1928, he was so removed.

Shortly after entering the Columbus Hospital, he expressed a desire to talk with a lawyer, and J. L. Corrigan, a lawyer of many years practice in his profes-

sion in Seattle, was sent for. Peter Dahmen discussed with Mr. Corrigan his affairs, and inquired whether the destruction of the will to his brother would revive the prior will to the Missionary Sisters, and he was informed that it would not. Thereupon he requested Mr. Corrigan to secure the will which he had sent to the sisters, have a copy thereof made and bring it to him for execution. January 9, 1928, Peter Dahmen having grown worse, at about four o'clock a. m., Mr. Corrigan was again sent for. At this time, at the request of the testator, he drew a codicil to the will to the Missionary Sisters, reviving it, which codicil was executed by Peter Dahmen, and was properly witnessed. During this day, Mr. Corrigan had the prior will copied, and, about four o'clock in the afternoon, returned to the hospital with it, and thereupon it was executed and properly witnessed. Peter Dahmen died at about eleven o'clock that night.

It is these two wills that are involved in this proceeding. The appellants, as above stated, claim that these wills were the result of undue influence, and that the testator lacked the mental capacity to execute them.

There is not much in the case except questions of fact. Upon the question of undue influence, the trial court found:

"The court finds that the contestants have failed to sustain the material allegations of their petition; the court finds that no one connected with the Missionary Sisters of the Sacred Heart ever at any time asked said Peter Dahmen to make a will in its favor, and no one connected with said institution knew that said deceased had ever made a will in its favor, before receiving the will of June 28, 1920, through the mail, as hereinbefore stated; that neither the Sisters of said institution nor anyone else ever at any time influenced or attempted to influence the said deceased in the

execution of said will or any wills; that the execution of said wills by the said deceased was of his own volition and desire and he was not influenced unduly or at all by any one in any way with reference thereto. The evidence shows that said deceased, Peter Dahmen, had a desire in his heart to help the orphan children of the Sacred Heart Orphanage, and had stated that in leaving his property to these helpless children he was doing something worth while.''

That finding correctly reflects the evidence. As we view the record, there was little evidence from which undue influence could be inferred, and there was abundant evidence showing the lack of such influence.

On the question of mental capacity, the court found:

''The court further finds that the deceased was mentally competent to make the wills in question; that at the time of the execution of each of said wills the said deceased fully understood and knew what he was doing and what he wanted; that he knew what his property consisted of, and fully understood and comprehended the contents of the will, which carried out his wish of long standing.''

After giving attentive consideration to the evidence offered by both parties we are of the opinion that the decisive weight of the evidence sustains the finding of the trial court. The evidence is voluminous and to review it in detail would unduly extend this opinion to no useful purpose. We are in accord with the view of the trial court that Peter Dahmen at the time he executed the wills in question was mentally competent to do so.

The appellants also complain of the ruling of the trial court in rejecting certain evidence which was offered by them on the question of undue influence, and of admitting certain evidence on the question of mental capacity over their objection. The ruling of the trial court rejecting the evidence offered on the question of undue influence, of which complaint is

440

made, was proper. This evidence was too remote to be of any material probative value, and had it been received, would have had but little, if any, effect upon the question. The evidence upon the question of mental capacity of which the appellants complain, while properly in the case, may be disregarded and the result would be the same, as the other evidence conclusively establishes the mental capacity of Peter Dahmen at the time that he executed the wills.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.